STUART *et al. v.* TOWN OF MORTON.

(In Banc.   May 27, 1946.)

[26 So. (2d) 246.   No. 36131.]

J. C. Floyd and A. B. Amis, Sr., both of Meridian, for appellants.

Nichols & Huff, of Forest, for appellee.

Argued orally by **J. Knox Huff**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On May 16, 1944, the Mayor and Board of Aldermen of the Town of Morton gave notice that a certain alley ''at the rear of the business houses on the west side of Main Street in said town . . . has been declared a public alley and that the town claims all right and title therein as and for a public alley and highway of said town . . .; and all persons are warned against obstructing said alley, or any part thereof, which would impede the full use thereof as a public alley or highway of said town.''

Thereafter the appellants, Jack N. Stuart and others, as heirs at law of N. T. Stuart, deceased, filed their bill of complaint to cancel as a cloud upon their title to a portion of the land embraced in the alleged public alley, the claim of the town to any right, title or interest in, or easement over, their land ''for the purpose of a public alley or otherwise;'' and they prayed that the Town of Morton be perpetully enjoined from interfering with their use and occupancy of the strip of land 20 feet in width and 180 feet in length, comprising the alleged alley, through lots 4 and 5 and 12 and 13 of Block 3 of the Town, in so far as the lands alleged to be owned by the complainants therein are concerned.

The Town of Morton filed its answer and cross-bill against the complainants asking that the jurisdiction of the town over the alleged alley as a public way, street and thoroughfare be confirmed and that the cross-defendants be enjoined against any interference therewith.

Both the bill of complaint and the cross-bill contain prayers for general relief, but both were dismissed by the decree of the trial court, and the parties were each assessed with one-half of the court costs.

The proof discloses that all of the store houses located in Block 3 of the town had formerly faced the railroad to the north thereof, until the same were destroyed by fire on Easter Sunday 1898; that thereupon the merchants of the town, J. M. Stephenson and others, decided among themselves to cause their buildings when reconstructed to face Fourth or Main Street to the east, and to cause the lots in the said block to run east and west instead of north and south, and with the understanding that none of the new buildings were to extend further west than 100 feet from Fourth or Main Street, so as to leave the alley 20 feet in width immediately behind the said stores and which would extend north and south through the entire Block No. 3, but the town was not a party to this agreement; and that to effectuate this agreement all of the interested property owners conveyed their lots to one of their number, J. M. Stephenson, who in turn conveyed to each of the former owners a lot running east and west as aforesaid.

The original town plat does not show an alley through the said Block 3, and no new plat thereof was prepared after the fire and filed so as to show a dedication of the proposed alley to the public use. On the contrary, the Chancellor found that "the testimony abundantly proves that after the building of the new stores the alley was opened and kept open and was continuously used from 1898 to the time of the institution of this suit by the merchants whose stores abutted said alley and by their customers." There was no substantial testimony that the said alley was used by the public generally as a thoroughfare. At any rate, we are unable to say that the finding of the Chancellor is manifestly wrong to the effect that the alley was opened and used primarily and almost entirely by the merchants whose property abutted

thereon and by their store customers in loading and unloading merchandise at the rear of their stores.

The proof does disclose, however, and without substantial dispute in the testimony, that in 1925 a three-quarter inch water pipe was installed along or in the said alley as a part of the town's water system—the Chancellor having found on conflicting evidence that it was laid in the said alley; that during the year of 1926 or 1927 a pole and electric wires were placed and strung in and through the said alley, and that in 1938, with the written consent of the abutting property owners, a sewerage pipe or main was placed in the said alley as part of the town's sewerage system which was then constructed as a WPA project; that all of these lines have been in continued use since their installation and throughout the length of said alley extending north and south as aforesaid; and that wherefore the Town of Morton has acquired an easement to the extent of entitling it to continue to maintain said lines without interference by the complainants.

As we understand the finding of fact and the recitals of the final decree, the bill of complaint was dismissed on the ground that the complainants were estopped to deny the existence of an easement in favor of the Town of Morton for the purpose of maintaining its electrical, water and sewerage lines, and the cross-bill was dismissed on the ground that the town was not entitled to maintain the alley as a public thoroughfare in the absence of a dedication of the same by the property owners for that purpose, and without having condemned the same. The Chancellor expressed the view in his finding of fact that all of the owners of property adjacent to the alley were necessary parties to the suit, but since he expressed doubt as to the correctness of his decision in dismissing the cross-bill, as to which the said other property owners would have for equal reason been necessary parties before the relief prayed for therein could have been granted in favor of the cross-complainant, we must assume that the bill of complaint and cross-bill were dismissed for the reason

that the court was of the opinion that on the merits neither of the litigants were entitled to any relief.

However, since the complainants sought relief only against the defendant Town of Morton, and the said town in turn sought relief only against the complainants, we are of the opinion that under the facts of the case the claim on the part of the town of the right to maintain the alley as a public thoroughfare should be cancelled as a cloud upon the title of the complainants to the particular portion of the alley owned by them, and that the easement in favor of the town should be limited to the right to continue to use the same for the maintenance of its electric lines, water and sewerage systems as heretofore; and that the title of the complainants to the portion of the land in the said alley owned by them should be held to be owned subject to the said easement of the town for the purposes aforesaid, and also subject to whatever rights the other abutting property owners on the alley may have to keep the said alley open for their use as store owners and for the use of their store customers. And let it be understood that nothing said herein is intended to adversely affect in any manner the rights of the other abutting property owners who are not parties to this litigation.

The cause will, therefore, be reversed on both appeals and a decree will be entered here in accordance with the foregoing views, but affirmed as to the assessment of the costs, one-half to each side and which division is to likewise apply to the costs of this appeal.

Affirmed as to the assessment of costs, reversed as to both appeals in other respects and decree here.